UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| THOMAS R. DAVIS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:14-CV-015-TAV-CCS |
| CHIEF GARZA, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Now before the Court are two motions to appoint counsel filed by plaintiff. One of these motions also requests (1) an update on the status of service of process on a defendant, and (2) issuance of a subpoena for video footage of the incidents alleged in the complaint.

**I.  Motions to Appoint Counsel**

Plaintiff has now filed a total of four motions to appoint counsel [Docs 3, 26, 36, and 44]. The Court has previously issued an order declining to appoint counsel for plaintiff [Doc. 27 p. 1], and the Court finds no reason to alter that ruling. Accordingly, to the extent that plaintiff's two pending motions [Docs. 36 and 44] seek appointment of counsel, they are **DENIED**.

**II.  Service of Process**

As previously stated, one of plaintiff's motions to appoint counsel also seeks information regarding the status of service of process on defendant D. Thompson [Doc.

44 p. 1]. Plaintiffs generally have the burden of effectuating service of process on defendants. Fed. R. Civ. P. 4(c)(1). With regard to service of process by litigants proceeding *in forma pauperis*, however, the Sixth Circuit has stated as follows:

> Together, Rule 4(c)[3] and 28 U.S.C. § 1915[d] stand for the proposition that when a plaintiff is proceeding in forma pauperis the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint.

*Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

On May 15, 2014, summonses for various defendants, including the defendant then named only as Thompson, were issued. After many of these summonses, including the summons for defendant Thompson, were returned unexecuted [Docs. 8–12], plaintiff filed a motion to amend, which provided more detail as to some, but not all, of the defendants whose summonses were returned unexecuted [Doc. 25]. Specifically, plaintiff provided the Court with an updated spelling for defendant Stephens's name and first initials for defendants Dozier, Stephens, and Thompson [*Id.*]. Plaintiff did not provide the Court with any additional information for Officer McDaniels, whose summons was returned unexecuted due the fact that no officer with that name works at the Knox County Detention Facility ("KCDF") [Doc. 8], or Nurse Hewitt, whose summons was returned unexecuted because she no longer works at the KCDF [Doc. 9].

On August 8, 2014, alias summonses for defendants D. Dozier, J. Stephens, and D. Thompson were issued [Docs. 27 and 28]. The alias summonses issued for defendants D. Dozier and J. Stephens were returned executed [Docs. 30 and 31], but the alias summons

2

issued for defendant D. Thompson was returned unexecuted because the KCDF has multiple officers with the name D. Thompson and therefore needed more information [Doc. 32 p. 1].

Accordingly, the Clerk is **DIRECTED** to send a copy of this order to the Sheriff of Knox County. The Sheriff of Knox County is **DIRECTED** to provide the Court with the full name of any officer(s) whose name(s) could be abbreviated to D. Thompson, or something similar thereto, who were present in the KCDF on November 5, 2013, and November 14, 2013, and could have been present in the 1-B pod [Doc. 2 p. 7, 8].

The Sheriff of Knox County is further **DIRECTED** to provide the Court with the full name of any officer whose name is similar to McDaniels who was present at the KCDF on October 29, 2013, and could have been in the 1-D pod [Doc. 2 p. 4].

The Sheriff of Knox County is further **DIRECTED** to provide the Court with any information to which he has access that may help the U.S. Marshal to effectuate service on Nurse Hewitt. This information should be filed under seal.

The Sheriff of Knox County is **DIRECTED** to provide the requested information within thirty (30) days after entry of this order by way of filing such information with the Court. At that time, the summonses will be signed, and Nurse Hewitt's summons will be sealed, by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4.

### III. Subpoena Video Footage

Lastly, as set forth above, plaintiff has also requested that the Court subpoena video footage of all incidents set forth in this lawsuit [Doc. 4 p.2]. Defendants are **DIRECTED** to respond this request within fourteen (14) days of entry of this order.

**E N T E R**:

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE